UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOANE MONESTIME and WOLD MONESTIME, Individually and as Parents and Next Friends of O.G.M., | * * * * | |
| Plaintiffs, | * * | Civil Action No. 1:21-cv-10403-IT |
| v. | * * | |
| MEGAN S. CONNELLY, M.D., and UNITED STATES OF AMERICA, | * * * | |
| Defendants. | * * | |

MEMORANDUM & ORDER

February 26, 2024

TALWANI, D.J.

Pending before the court is Plaintiffs' Motion to Substitute Expert [Doc. No. 73] (the "Motion"). Plaintiffs seek to replace their expert witness, Dustin Flannery, D.O., due to an alleged conflict of interest because Defendant Megan Connelly, M.D., has disclosed as her expert witness Dr. Eric Eichenwald, the Chief of the Division of Neonatology at Children's Hospital of Philadelphia—to whom Dr. Flannery directly reports. See Mot. 1–2 [Doc. No. 73]. Dr. Connelly opposes the motion. See Opp. [Doc. Nos. 74, 75].[1] For the reasons stated below, the Motion [Doc. No. 73] is DENIED but limited alternative relief is GRANTED as set forth below.

The court notes at the outset that the motion is untimely where it was not filed until February 13, 2024, well after the scheduling order's deadlines for expert disclosures, see Elec. Order [Doc. No. 46] (setting deadline of October 27, 2023, for Plaintiffs' expert disclosure);

---

[1] Plaintiffs report that the United States also opposes the motion. See Mot. 3 [Doc. No. 73].

Elec. Order [Doc. No. 58] (extending deadline by 14 days), and just 17 days before the March 1,

2024 extended deadline for completion of expert depositions, Elec. Order [Doc. No. 68]. The

untimeliness of the filing is particularly problematic where Dr. Connelly disclosed Dr.

Eichenwald as an expert witness on December 21, 2023.

Plaintiffs also have not demonstrated that a conflict of interest exists to warrant

substituting expert witnesses at this late date. Plaintiffs assert that Dr. Flannery has informed

their counsel that "he could no longer be involved in the case." Mot. 1 [Doc. No. 73]. However,

in his attached affidavit, Dr. Flannery merely states that he is "not comfortable providing expert

testimony in this case," see Aff. of Dustin Flannery, DO [Doc. No. 73-1], but not that he refuses

to provide testimony.

Nor is any conflict apparent to the extent that Dr. Flannery's continued involvement in

the case is limited to testimony on examination and cross-examination based on Plaintiffs'

Expert Disclosure. See generally Pls.' Expert Disc. [Doc. No. 75-4]. The court recognizes that

there is a potential conflict, however, if the parties were to question Dr. Flannery regarding the

disclosure and opinions of his workplace supervisor, Dr. Eichenwald, as Dr. Flannery's personal

career interests may then conflict with his duties to the Plaintiff. Accordingly, counsel for both

sides shall not seek deposition or trial testimony from Dr. Flannery regarding Dr. Eichenwald or

Dr. Eichenwald's disclosures and opinions.

IT IS SO ORDERED.

February 26, 2024                                    /s/ Indira Talwani
                                                     United States District Judge